UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**AMERICAN DAIRY QUEEN CORPORATION,**

*Plaintiff*,

v.   Case No. 5:24-CV-01209-JKP

**UAM, LLC,**

*Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff American Dairy Queen Corporation's ("ADQ") Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion"). *ECF No. 3*. The Court held a hearing on the Motion on November 22, 2024. At the hearing, the parties stipulated to the entry of a Preliminary Injunction and presented argument on the appropriate bond amount, if any. The Court, therefore, **GRANTS** ADQ's request for a Preliminary Injunction (*ECF No. 3*) and **AWARDS** bond in the amount of $61,479.43.

## BACKGROUND

This action arises from a failed franchise relationship between Plaintiff American Dairy Queen Corporation ("ADQ") and Defendant UAM, LLC ("UAM"). *ECF No. 1*.

ADQ owns the DQ® franchise system and licenses its federally registered trademarks and service marks, including but not limited to the DQ® (Registration No. 960,525), BLIZZARD® (Registration No. 895,139), and DAIRY QUEEN® (Registration No. 728,894) trademarks (the "DQ® Marks"), to franchisees. *Id. at 4*. UAM, a three-member limited liability company, is one of ADQ's former franchisees who was authorized to operate a DQ® restaurant located at 200 Ross Sterling, Anahuac, Texas 77514 (the "Restaurant") pursuant to a Franchise Agreement. *Id. at 5*. Muhammad Aulakh is UAM's Managing Member. *Id. at 2*.

The Court will not repeat additional background facts the parties stipulated to at the hearing, save and except acknowledging disputed issues of material fact related to ADQ's breach of contract cause of action are not included in the stipulation.

## LEGAL STANDARD

Federal Rule of Civil Procedure 65(c) governs the posting of a bond upon the grant of a Preliminary Injunction. Under Rule 65(c), courts may impose a bond "in such sums as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c); *Sanofi-Synthelabo v. Apotex, Inc.*, 470 F.3d 1368, 1384–85 (Fed. Cir. 2006). "The amount of a bond is a determination that rests within the sound discretion of a trial court." *Sanofi-Synthelabo*, 470 F.3d at 1385. Among other factors, a court may base its determination on evidence concerning a defendant's "potential lost profits, lost market share and associated costs of relaunch." *Id*. The party against whom a Preliminary Injunction is sought bears the burden of establishing a rational basis for the amount of the proposed bond. *M-I LLC v. FPUSA, LLC*, No. SA:15-CV-406-DAE, 2015 WL 6738823, at *16 (W.D. Tex. Nov. 4, 2015) (citing *AB Electrolux v. Bermil Indus. Corp.*, 481 F. Supp. 2d 325, 337 (S.D.N.Y. 2007)). In setting a bond, courts are not required to consider "economic damages that are not more than speculative." *AB Electrolux*, 481 F. Supp. 2d at 337.

## ANALYSIS

At the hearing, UAM argued the Court should require ADQ to post a bond in the amount of UAM's net profits. Muhammad Aulakh, UAM's Managing Member, testified at the hearing and responded to questions from counsel for the parties and the Court. Mr. Aulakh testified he is suffering a monetary loss as a result of the Restaurant's closure because UAM's net profits are a significant source of his income. Drawing the Court's attention to UAM's 2023 tax return, Mr.

2

Aulakh stated UAM's net profits were $184,438.00. Mr. Aulakh explained this sum is divided among UAM's three members as salaries. Mr. Aulakh added UAM's projected net profits for 2024 would be similar in amount. Since the Restaurant's closure, Mr. Aulakh stated he is giving his 24 employees work opportunities in the Restaurant in the form of cleaning and training. He further stated 14 employees took advantage of these opportunities and he has paid the employees approximately $400.00. Aside from UAM's 2023 tax return, UAM presented no other evidence to establish a rational basis for the amount of the proposed bond, $184,438.00.

To the contrary, ADQ requests the Court require it post no bond or a bond in a low amount. ADQ argues because UAM stipulated to the entry of a Preliminary Injunction on the basis of ADQ's trademark infringement cause of action, the strength of ADQ's likelihood of success should guide the Court's analysis. ADQ further argues its likelihood of success is bolstered by the fact UAM's continued use of the DQ® Marks was blatant, requiring ADQ to seek a Temporary Restraining Order. In support of its argument, ADQ points the Court to two trademark infringement cases from sister district courts. *Petro Franchise Systems, LLC v. All American Properties, Inc.*, 607 F.Supp.2d 781, 796–97 (W.D. Tex. 2009) (setting $25,000 bond given strength of trademark infringement causes of action against former franchisee); *TGI Friday's Inc. v. Great Northwest Restaurants, Inc.*, 652 F.Supp.2d 763, 775 (N.D. Tex. 2009) (setting $100,000 bond based on a Franchisor's "strong likelihood of success on the merits" of its trademark infringement cause of action). ADQ argues these cases indicate UAM's proposed bond amount, $184,438.00, is too high.

Based on the foregoing, the Court finds a relatively low bond amount is appropriate given the strength of ADQ's trademark infringement cause of action, UAM's request for an early mediation date, and the parties shared motivation to resolve this matter expeditiously. Thus, the Court concludes a bond in the amount of $61,479.43, a sum equal to four-months of UAM's lost

profits, is proper to pay the costs and damages sustained by UAM to have been wrongfully enjoined or restrained.

## CONCLUSION

The Court, therefore, **GRANTS** ADQ's request for a Preliminary Injunction (*ECF No. 3*) and **AWARDS** bond in the amount of $61,479.43. The Court has filed a Stipulated Preliminary Injunction by separate Order.

**IT IS SO ORDERED.**
**SIGNED this 22nd day of November, 2024.**

_____
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**

4